## McDONNELL v. ANDREW J. ROBINSON CO.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. MASTER AND SERVANT (§ 291*)—ELEVATOR ACCIDENT TO EMPLOYÉ—COMMON-LAW LIABILITY—RULES FOR OPERATION.

A hod-hoisting elevator was raised or lowered in a 12-story building in obedience to signals. A signalman was at the bottom of the shaft to notify the engineer, and another at the top to direct its movement for the two upper floors only; but for other floors a signal by any one, would be obeyed, regardless of the position of the elevator. An employé was working on the fifth floor, when it suddenly started upwards in response to a signal from an unknown source, and he was injured. *Held*, that it would have been proper to submit defendant's liability under the common law, on the theory that the accident was caused by failure to enforce proper rules for its operation, and to protect employés while loading and unloading it, on proof that necessity for such precaution should have been anticipated.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 291.*]

2. MASTER AND SERVANT (§ 182*)—INJURY TO EMPLOYÉ—BASIS OF LIABILITY—ACT OF SUPERINTENDENCE.

In the suit therefor, tried on the theory that liability was created under the employer's liability act (Consol. Laws, c. 31), the court having eliminated the question of a safe place to work, the only remaining theory on which the cause of action came within the act was that, if any of defendant's employés charged with the duty gave the signal to start, it was an act of superintendence, and that under the circumstances it was not such an act, even if given by an employé, of which there was no evidence; plaintiff's assignment of negligence being in fact based on the absence of such a person, and a judgment in his favor on that theory could not stand.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 182.*]

Ingraham, P. J., and Miller, J., dissenting.

Appeal from Trial Term, New York County.

Action by Thomas McDonnell against the Andrew J. Robinson Company for personal injury. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Edward P. Mowton, for appellant.

William J. Carey, for respondent.

DOWLING, J. The plaintiff was in defendant's employment on January 30, 1907, as a laborer, and was engaged in taking off materials from a hod-hoisting elevator in the building at the southeast corner of Fifty-Seventh street and Park avenue, borough of Manhattan, which had then been completed to its full height of 12 stories.

The elevator was raised or lowered in obedience to signals given to the engineer, who was located in the cellar and could not see the elevator itself, but determined its position by means of certain marks upon the hoisting cable. The system of signals adopted was that in common use for years in similar works, and under it one bell was an order to raise the elevator, one bell to stop it, two bells to lower it, and three bells to lower it slowly. There was a signalman at the bottom of the shaft, whose duty it was to see that the material was properly placed on the elevator, and then to notify the engineer thereof, and another at the top of the shaft, whose duty it was to direct its movements for the two upper floors only. There was no one in sole charge of the operation of the elevator on the other floors, and any person might give a signal for its raising or lowering on any one of 9 stories out of the 12, which would be obeyed by the engineer, regardless of what the position of the elevator might then be, or of who might be working about it.

The bell rope which gave the signals was exposed and could be handled and used by any one in the building, whether an employé or not. What might well have been foreseen as the inevitable result of such a condition actually happened in this case, as it must have happened in many others. No one was expected to go upon the elevator; but the laborers, in wheeling the barrows on or off its platform, were liable to be dragged down or up, while holding onto the handles of the barrows, through the sudden dropping or raising of the elevator, which ran as rapidly as 550 feet a minute. Plaintiff was working on the fifth floor, had doubled up two barrows on the platform, and was putting on two more, when in response to a signal from some unknown source the elevator was suddenly started upwards, and plaintiff, who still had hold of the handles of one of the barrows, was lifted to and on his toes, and when the barrow fell from the elevator was precipitated to the ground floor. The elevator was then stopped within two feet of the sixth floor; but there is no proof of who gave the signal.

It would have been perfectly proper to have submitted the question of defendant's liability under the common law to the jury, upon the theory that the accident had been caused solely by the failure to establish and enforce proper rules for the operation of the elevator, and for the protection of its employés from injury while working in loading or unloading it, upon proof that the necessity for such precaution should, in the exercise of reasonable care, have been foreseen and anticipated. It would seem that provision could well have been made for a warning to all the floors of any intended change in its position, even if no one were specially detailed to each floor with sole control of the giving of signals. But this trial was conducted upon the theory that liability was created under the employer's liability act (Consol. Laws, c. 31). The notice under the act was offered in evidence, and the various motions made, as well as the charge of the learned court and its decision in denying the motion for a new trial, all demonstrate that this was the sole theory of the trial. This being so, this judgment cannot stand. After having once charged the jury as to defendant's liability to furnish a safe and proper place

in which plaintiff was to do his work, counsel for defendant requested the court to charge as follows:

"I also ask your honor to charge the jury that the rule of safe place has no application to this case."

To which the court replied:

"I think that is so, because the accident, if occasioned by the negligence ·of the defendant, was by the starting of the ·hoist, which, if properly managed, was safe."

The only remaining theory, then, upon which the cause of action came within the act, was that upon which the jury was charged—that:

"If any. of the defendant's employés charged with the duty gave the signal [i. e., to start the elevator] it was the act of superintendence."

To this exception was duly taken. There was no evidence given as to who gave the signal, nor that any one whatever was charged with the duty of giving the signal. In fact, the very absence of such a person so charged with the duty of signaling is one of plaintiff's assignments of negligence on defendant's part. Nor can it be said, under such conditions, that the mere act of giving the signal would constitute an act of superintendence, if given by an employé, when every employé was at liberty to give it, and when it did not come within the assigned duty of a superintendent. In addition to which the notice given under the act made no claim that the accident was due to any default upon the part of any person intrusted with and exercising superintendence.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event.

McLAUGHLIN and LAUGHLIN, JJ., concur. INGRAHAM, P. J., and MILLER, J., dissent.